IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00525-EWN-OES

MARTINA RAMIREZ,

Plaintiff(s),

v.

BIG LOTS STORES, INC.,

Defendant(s).

ORDER DENYING PLAINTIFF'S
MOTION TO STAY PROCEEDINGS
AND
ORDER GRANTING MOTION TO RE-SET
THE PRELIMINARY PRETRIAL CONFERENCE

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  October 4, 2005

      This is an employment lawsuit, but not a civil rights case, in which plaintiff was terminated from her job with defendant Big Lots Stores.  She has filed three state-law claims in this case.  Plaintiff filed her case in Boulder, and it has been removed to this court by defendant, arguing that the parties are diverse and the amount in controversy exceeds $75,000.

      Plaintiff has filed a Motion to Stay Proceedings.  In her motion, plaintiff states that she filed on November 19, 2004, a charge with the EEOC in which she alleged a violation of her rights under to Title VII.  She states that she is "reliably informed" that her claim has been moved to the California office of the EEOC, and that it is pursuing an investigation.  Plaintiff states that she "may have cause to assert a claim in this

action," but that she is "precluded from asserting such claim until the EEOC issues its right-to-sue letter.

Defendant has filed a Response in which it objects to plaintiff's request. Defendant points out that plaintiff could have demanded that the EEOC issue a right-to-sue letter after 180 days, meaning that she could have made such a demand this past May. Defendant points out that it has postponed the deposition of plaintiff pending a resolution of plaintiff's request for stay, and it is concerned that if this action is stayed pending action by the EEOC, it could be waiting "months or even years before having the opportunity to discover the underlying facts of this matter and have its summary judgment arguments heard by this Court."

## DISCUSSION

I agree with defendant. I am not persuaded that good grounds have been presented by plaintiff to justify an indefinite stay pending action by the EEOC. Nevertheless, I will grant the request to vacate the preliminary pretrial conference in order to provide the parties with an opportunity to conduct the two depositions that were continued pending action on these motions before preparing and filing their preliminary pretrial order.

As defendant has pointed out in its Response, plaintiff could obtain a right-to-sue letter at any time, and has been able to do so since May of this year. While the transfer of plaintiff's case to the California office of the EEOC is puzzling at best, the fact remains that no evidence exists that plaintiff's case is being actively investigated by any office. Arguably, in light of the fact that the officers and employees of defendant have not been questioned as part of an EEOC investigation, this case may well be

buried in the EEOC bureaucracy. I am not persuaded that this court should wait for plaintiff's claims to emerge from that bureaucracy. If plaintiff is anxious to have her EEOC claims joined with this lawsuit, then plaintiff should obtain a right-to-sue letter now.

I am somewhat puzzled by the positions that are being taken by plaintiff. On the one hand, plaintiff has filed a Motion for Remand (Doc. 7) in which she states that the amount in controversy in this suit does not exceed $75,000. She argues in her motion for a return of this case to the state court. On the other hand, she is asking in these present proceedings to stay the action until such time that the EEOC issues a right-to-sue letter. But if plaintiff intends to file further claims or a separate suit as a result of the right-to-sue letter, she will be confessing that a basis exists for federal jurisdiction, namely, Title VII. In light of plaintiff's confusion, I think the better course at this time is to see this present lawsuit through, in whatever form plaintiff desires to make it.

## ORDER

It is therefore ORDERED as follows:

1. Plaintiff's Motion to Stay Proceedings [Doc. 16, filed 09/15/2005] is DENIED.

2. Plaintiff's Motion to Vacate [Doc. 17, filed 09/28/2005] is GRANTED IN PART.

3. The preliminary pretrial conference presently scheduled for October 7, 2005, is VACATED AND RE-SET to **October 28, 2005**, at the hour of 10:00 a.m.

4. If the parties are unable to schedule the depositions of plaintiff and Ms. Abbott before the present cutoff for discovery, October 18, 2005, they may take until

November 1, 2005, for the purposes of these two depositions.

Dated at Denver, Colorado, this day of: October 4, 2005

BY THE COURT:

s/ O. Edward Schlatter

_____
O. Edward Schlatter
United States Magistrate Judge